United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 17-18441-pmm |
| Mycael Aristilde | Chapter 13 |
| Mycael Aristilde | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-4 | User: admin | Page 1 of 2 |
| Date Rcvd: Feb 24, 2023 | Form ID: 3180W | Total Noticed: 8 |

The following symbols are used throughout this certificate:
**Symbol**      **Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

+++      Addresses marked '+++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(e).

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 26, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | +++ | Mycael Aristilde, 2411 West Walnut Street, Allentown, PA 18104 |
| db | +++ | Mycael Aristilde, MAILING ADDRESS:, 2417 West Walnut Street, Allentown, PA 18104-6226 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: taxclaim@countyofberks.com | Feb 25 2023 00:25:00 | Tax Claim Bureau, 633 Court Street, Second Floor, Reading, PA 19601-4300 |
| smg | + | Email/Text: usapae.bankruptcynotices@usdoj.gov | Feb 25 2023 00:25:00 | U.S. Attorney Office, c/o Virginia Powel, Esq., Room 1250, 615 Chestnut Street, Philadelphia, PA 19106-4404 |
| 14116101 | | Email/Text: coabankruptcy@allentownpa.gov | Feb 25 2023 00:25:00 | City of Allentown, Revenue and Audit Bureau, 435 Hamilton St Rm 215, Allentown PA 18101 |
| 14047095 | + | Email/Text: ECMCBKNotices@ecmc.org | Feb 25 2023 00:25:00 | ECMC, PO Box 16408, St. Paul, MN 55116-0408 |
| 14060468 | | Email/PDF: resurgentbknotifications@resurgent.com | Feb 25 2023 00:30:52 | LVNV Funding, LLC its successors and assigns as, assignee of NCO Portfolio Management, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 14059706 | | Email/Text: nsm_bk_notices@mrcooper.com | Feb 25 2023 00:25:00 | Nationstar Mortgage LLC, d/b/a Mr. Cooper, ATTN: Bankruptcy Department, PO Box 619096, Dallas, TX 75261-9741 |

TOTAL: 6

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| District/off: 0313-4 | User: admin | Page 2 of 2 |
| Date Rcvd: Feb 24, 2023 | Form ID: 3180W | Total Noticed: 8 |

Date: Feb 26, 2023  Signature:  /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 23, 2023 at the address(es) listed below:

**Name**          **Email Address**

BRIAN CRAIG NICHOLAS
    on behalf of Creditor NATIONSTAR MORTGAGE LLC bnicholas@kmllawgroup.com bkgroup@kmllawgroup.com

BRIAN CRAIG NICHOLAS
    on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper bnicholas@kmllawgroup.com bkgroup@kmllawgroup.com

KEVIN G. MCDONALD
    on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper bkgroup@kmllawgroup.com

KEVIN G. MCDONALD
    on behalf of Creditor NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com

MATTHEW CHRISTIAN WALDT
    on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper mwaldt@milsteadlaw.com bkecf@milsteadlaw.com

MICHAEL PATRICK FARRINGTON
    on behalf of Creditor NATIONSTAR MORTGAGE LLC mfarrington@kmllawgroup.com

PAUL H. YOUNG
    on behalf of Debtor Mycael Aristilde support@ymalaw.com
    ykaecf@gmail.com,paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com,tkennedy@ymalaw.com,lesliebrown.paralegal@gmail.com

ROLANDO RAMOS-CARDONA
    on behalf of Trustee FREDERICK L. REIGLE ecfmail@readingch13.com

SCOTT F. WATERMAN [Chapter 13]
    ECFMail@ReadingCh13.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 10

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | Mycael Aristilde | Social Security number or ITIN    xxx–xx–8178 |
| | First Name    Middle Name    Last Name | EIN    _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | Mycael Aristilde | Social Security number or ITIN    xxx–xx–8178 |
| | First Name    Middle Name    Last Name | EIN    _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court    Eastern District of Pennsylvania | | |
| Case number:    17–18441–pmm | | |

# Order of Discharge    12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Mycael Aristilde                                    Mycael Aristilde

2/23/23                                             **By the court:** Patricia M. Mayer
                                                                United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**
Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**